UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**                    **CASE NO. 6:20-CR-00072**

**VERSUS**                                      **JUDGE ROBERT R. SUMMERHAYS**

**SISI LABRADOR-PERAZA (01)**                   **MAG. JUDGE PATRICK J. HANNA**
**GABRIEL RODRIGUEZ-PEDRAZA (02)**

## RULING

Before the Court are Motions to Suppress filed by Defendants Sisi Labrador-Peraza and Gabriel Rodriguez-Pedraza. [ECF Nos. 39, 43; *see also* ECF No. 46]. The motions were referred to the Magistrate Judge for Report and Recommendation. The Magistrate Judge recommends the motions be granted. [ECF No. 57]. The Government objects to the Magistrate Judge's recommendation [ECF No. 58], and Defendants have responded to the Government's objection. [ECF Nos. 59, 61]. For the reasons that follow, the Court overrules the Government's objection and adopts the findings and conclusions of the Magistrate Judge set forth in the Report and Recommendation.

The Magistrate Judge found that the initial stop of Defendants' vehicle was unlawful, and therefore the motions to suppress should be granted. [ECF No. 57 at 11]. The Government objects to this conclusion, arguing that: (1) "the plain text of Mississippi Code Annotated Section 63-7-59 does not preclude that a vehicle registered in another state can violate the statute," and (2) the Magistrate Judge's finding "that Section 63-7-59 could not reasonably be interpreted by a law enforcement officer as being applicable to the subject vehicle under the circumstances" is erroneous. [ECF No. 58 at 2]. The Court addresses these objections in turn.

Case 6:20-cr-00072-RRS-PJH   Document 62   Filed 09/27/21   Page 2 of 3 PageID #: 243

The portion of the Mississippi statute regulating window tinting applies only to motor vehicles "required to be registered" in Mississippi.[1] Miss. Code. Ann. § 63-7-59(1) and (2); *see also Fluker v. State*, 44 So.3d 1029, 1031 (Miss. Ct. App. 2010) ("Mississippi's prohibition regarding tinted or darkened windows, applies only to vehicles registered in Mississippi."). The Government contends that although Agent Holland was aware prior to the stop that Defendants' vehicle was registered in Florida, the vehicle nevertheless may have been "required to be registered" in Mississippi if, for instance, Defendants had moved to Mississippi more than thirty days prior to the stop, or if Defendants were residents of Mississippi who had bought the vehicle out of state more than seven days prior to the stop. [ECF No. 58 at 4 & n.2]. Stated more simply, the Government argues that the stop was reasonable because the out-of-state vehicle was perhaps "required to be registered" in Mississippi, and therefore "Agent Holland had probable cause to stop the vehicle." *Id.* at 6. The problem with the Government's argument is that it is based merely upon after-the-fact justifications, without supporting evidence, on an issue for which the Government bears the burden of proof.[2] At the suppression hearing, Agent Holland testified on direct examination that he was familiar with the Mississippi law addressing window tint. However, there was no testimony whatsoever as to whether Agent Holland was aware that the Mississippi law applies only to vehicles required to be registered in that state. Further, there was no testimony that although the law applies only to vehicles required to be registered in Mississippi, Agent Holland nevertheless suspected that this particular vehicle should have been registered in Mississippi and was therefore potentially in violation of Mississippi's window tinting law. Because

---

[1] There are some exceptions to the general rule, but they are inapplicable to this matter. *See e.g.* Miss. Code. Ann. § 63-7-59(3) and (4) (the statute does not apply to school buses, buses used for public transportation, law enforcement vehicles, windows tinted before factory delivery, vehicles belonging to persons with a "physical condition or disease that is seriously aggravated by minimum exposure to sunlight," etc.)
[2] *United States v. Raney*, 633 F.3d 385, 391 n.1 (5th Cir. 2011).

Page 2 of 3

there was no testimony indicating Agent Holland was even aware that the Mississippi window tint statute applies only to vehicles required to be registered in that state, the Court cannot make the inductive leap invited by the Government—*i.e.* that Agent Holland was aware that the statute did not apply to out-of-state vehicles but he nevertheless had a reasonable suspicion that Defendants had become residents of Mississippi for a long enough period of time to require that they register their vehicle with that State and modify their window tint. Courts may not "arrive at probable cause simply by piling hunch upon hunch." *United States v. Valenzuela*, 365 F.3d 892, 897 (10th Cir. 2004). For these reasons, the Court finds the government failed to carry its burden and show that the stop was justified at its inception because Agent Holland had a reasonable suspicion that this particular vehicle had committed a violation of Mississippi law by failing to register the vehicle with Mississippi authorities. *See United States v. Raney*, 633 F.3d 385, 391-92 (5th Cir. 2011).

In its second objection, the Government argues the scope of the Mississippi window tinting law is ambiguous, and therefore the Court should find the stop passes constitutional muster. The Court finds the Mississippi statute is clear—it applies only to "motor vehicles required to be registered in [Mississippi]."

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that, consistent with the Report and Recommendation [ECF No. 57], Defendants' Motions to Suppress [ECF Nos. 39, 43] are GRANTED.

Signed at Lafayette, Louisiana, this 27th day of September, 2021.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE